### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN TOHIDI** | : | |
| 102 Farmington Lane | : | |
| Coatesville, PA 19320 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| **City Of Reading Police Department** | : | |
| 815 Washington Street | : | |
| Reading, PA 19601 | : | |
| | : | |
| Defendant | : | |

### CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, Sean Tohidi, (hereinafter "Plaintiff" or "Mr. Tohidi") is an adult individual residing at the above address.

2.      Defendant, The City of Reading Police Department (hereinafter "Defendant") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3.      At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of his employment with and for Defendant.

4.      Mr. Tohidi exhausted his administrative remedies pursuant to the Equal Employment Opportunity.

5.      This action is instituted pursuant to Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 the Pennsylvania Human Relations Act, and applicable state and federal law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Further, Mr. Tohidi was working for Defendant in the Eastern District of Pennsylvania at all times relevant.

**II. Operative Facts.**

8.      On or about January 10, 2022, the City of Reading Police Department ("Defendant") hired Plaintiff as a Police Trainee. Eventually, Plaintiff graduated to Patrol Officer (before being constructively discharged).

9.      From the beginning of his employment, Plaintiff experienced discrimination and harassment by Defendant's agents.

10.     Plaintiff has Tourette's syndrome which is a condition that impacts the nervous system. Tourette's syndrome causes Plaintiff to make movements and/or sounds. At all times relevant Defendant's agents perceived Plaintiff as disabled and called Plaintiff retarded because of the Tourette's even though Plaintiff was capable of performing his job duties.

11.     As a result of Plaintiff's Tourette's, he was treated disparately and subjected to a hostile work environment. For instance, Plaintiff was penalized more harshly than his colleagues if he were to make any mistakes. During Plaintiff's training period he was constantly being threatened with termination while his peers were not (even if they made similar mistakes).

12.     Plaintiff complained to his supervisor, to no avail. In fact, Plaintiff was only treated worse after he complained. After Plaintiff complained he began being called *retarded* even more regularly by his colleagues.

2

13.     Additionally, Plaintiff's Field Training Officer, Officer Sana, began regularly calling Plaintiff a homosexual. He often called Mr. Tohidi gay and joked about Mr. Tohidi liking men.

14.     Officer Sana would also call Mr. Tohidi a retard frequently, on one occasion Officer Sana told Plaintiff's colleagues that Plaintiff was "*retarded and liked dick*" making Plaintiff extremely uncomfortable. These comments created a wildly hostile work environment for Plaintiff. As a result, Plaintiff was constructively discharged on or around December 8, 2022. At the time that Plaintiff was constructively discharged he could no longer tolerate being berated and terrorized daily.

15.     As a direct and proximate result of Defendant's conduct acts and/or omissions, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

## CAUSES OF ACTION

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

16.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability or perceived disability.

3

18.     Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

19.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

20.     At all times material hereto, Plaintiff had qualified disabilities, as described above.

21.     Plaintiff's Tourette's syndrome, substantially limited one or more of his major life activities, including, sleeping, concentrating, caring for himself and working.

22.     The continual harassment of Plaintiff were adverse actions, that were taken as a result of his disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

23.     Defendant failed put to an end to the constant harassment Plaintiff was subjected to as a result of his disability.

24.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

25.     As a result of the conduct of Defendant's management, Plaintiff hereby demands punitive damages.

26.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demand attorneys' fees and court costs.

4

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
### (42 U.S.C.A. § 12101 et seq.)

27.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

28.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not retaliate against an employee based upon him exercising his rights under the Americans with Disabilities Act.

29.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

30.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

31.     As set forth above, Plaintiff engaged in protected activity when he complained of the harassment he was being subjected to.

32.     As set forth above, The Defendant constructively discharged Plaintiff by allowing continuing harassment after Plaintiff engaged in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

34.     As a result of the conduct of Defendants' management, Plaintiff hereby demands punitive damages.

35.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

36.     Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEXUAL HARASSMENT AND DISCRIMINATION**

37.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

38.     Plaintiff had to endure pervasive and regular harassment, antagonism and sexual harassment and sex-based discrimination from Field Training Officer Sana during his employment with Defendant.

39.     The sex-based harassment that Plaintiff suffered was unwelcomed and unreciprocated by Plaintiff.

40.     Defendant is vicariously liable for a hostile work environment created by Field Training Officer Sana.

41.     This harassment detrimentally affected Plaintiff in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant's actions.

42.     The harassment by Field Training Officer Sana would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

6

43.     The harassment of Plaintiff by Defendant's employees was willful and intentional.

44.     Plaintiff endured the offensive conduct because it was a condition of his continued employment.

45.     Defendant's conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

46.     Despite Plaintiff complaining no meaningful remedial action was taken with respect to the harassment.

47.     This willful, intentional, and unlawful sex-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, et seq. and requires the imposition of punitive damages.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HOSTILE WORK ENVIRONMENT
## SEXUAL HARASSMENT

48.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

49.     At all times material hereto, and pursuant to 42. U.S.C. § 2000e-2(a), et. seq., an employer may not discriminate against an employee based on their sex.

50.     Plaintiff is a qualified employee and person within the definition of 42. U.S.C. § 2000e-2(a)., et seq.

51.     Defendants are "employers" and thereby subject to the strictures of the 42. U.S.C. § 2000e-2(a)., et seq.

52.     As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment.

53.     Defendants failed to remedy the harassment despite actual or constructive knowledge.

54.     Defendant's conduct constitutes a violation of the 42. U.S.C. § 2000e-2(a)., et seq.

55.     Defendant's acts and/or omissions caused Plaintiff to suffer damages.

56.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

57.     As a result of the conduct of Defendants' management, Plaintiff hereby demands punitive damages.

58.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT IV**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEXUAL HARASSMENT RETALIATION**
**(42 U.S.C.A. § 2000e-3(a))**

59.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

60.     At set forth above, Plaintiff made complaints about Field Training Officer Sana concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

61.     Defendant took adverse action against Plaintiff by threatening to terminate his employment.

62.     As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant's decision. Any other explanation offered by Defendant is pre-text.

63.     As such, Defendant's decision to penalize Plaintiff was retaliatory and is prohibited by the Civil Rights Act of 1964, §704(a).

64.     As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity,  lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages  and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

65.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

66.     Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C.  §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT V
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS
## DISABILITY DISCRIMINATION
### (43 P.S. § 951, et seq.)

67.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

68.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

69.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

70.     Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

71.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

72.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

73.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

74.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT VI**

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
SEXUAL ORIENTATION DISCRIMINATION**

75.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

76.     Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his sexual orientation.

77.     Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for disclosing his sexual orientation.

78.     Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

79.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

80.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys' fees and court costs.

**COUNT VII
VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
DISABILITY DISCRIMINATION
RETALIATION
(43 P.S. § 951, et. seq.)**

11

81.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

82.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

83.     Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

84.     Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

85.     Defendant's termination of Plaintiff's employment constituted retaliation for engaging in protected activity by objecting to the sexual harassment that he was receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

86.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

87.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT VIII**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**DISABILITY DISCRIMINATION**

## HOSTILE WORK ENVIRONMENT
### (P.S. §951, et sec)

88.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

89.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on his gender.

90.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

91.     Defendants are "employers" and thereby subject to the strictures of the Pennsylvania

92.     As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment and had to self-terminate from employment due to said hostile work environment.

93.     Defendants failed to remedy the harassment despite actual or constructive knowledge.

94.     Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

95.     Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for sexual harassment.

96.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering,

consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

97.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

98.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorney's fees and court costs.

**COUNT IX**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**SEXUAL HARASSMENT RETALIATION**
**(43 P.S. § 951, et. seq.)**

99.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

100.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

101.     Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

102.     Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

103.     Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment and had to self-terminate from employment due to said hostile work environment. and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

104.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

**105.**     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT X**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**SEXUAL HARASSMENT**
**Hostile work environment**
**(43 P.S. § 951, et. seq.)**

106.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

107.     Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, which were both severe and pervasive, thereby altering the conditions of Plaintiff's employment and creating an intimidating, hostile, or offensive working environment.

108.     Such conduct included, but was not limited to:

Unwelcome sexual comments, jokes, or gestures directed at or about Plaintiff;

Unwanted physical contact and advances;

Displaying sexually suggestive objects or pictures in the workplace;

Sending sexually explicit messages or emails to Plaintiff.

109.    The aforementioned conduct was known by and/or reported to supervisory and management personnel of Defendant, who failed to take appropriate and immediate action to stop the harassment, thus permitting the continuation of the hostile work environment.

110.    As a direct and proximate result of the sexual harassment, Plaintiff suffered significant emotional distress, humiliation, and discomfort, which adversely affected Plaintiff's work performance and caused physical and psychological injury.

111.    The actions and inactions of Defendant, as described above, constitute sexual harassment under the PHRA, specifically creating a hostile work environment based on sex, which is a form of unlawful discrimination prohibited by the Act.

### COUNT XI
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)
### Hostile Work Environment

112.    Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

113.    As laid out above, Plaintiff was employed by Defendant and qualifies as a person with a disability as defined under the ADA, which substantially limits one or more major life activities.

114.    Throughout Plaintiff's tenure, Defendant, via its employees, supervisors, and agents, engaged in and permitted a pattern of discriminatory behavior and harassment directly related to Plaintiff's disability.

115.    This hostile behavior included, but was not limited to:

Repeated derogatory remarks and jokes about Plaintiff's disability in the presence of colleagues and superiors;

16

Systematic exclusion from work-related activities and meetings essential to Plaintiff's role, directly related to assumptions about Plaintiff's disability;

Unwarranted and excessive scrutiny of Plaintiff's work performance and productivity, not similarly imposed upon non-disabled employees;

Failure or refusal to accommodate reasonable requests that were essential for Plaintiff to perform his/her job duties effectively, exacerbating the hostile environment.

Such conduct was not isolated but rather part of a continuous pattern, creating an intimidating, hostile, and offensive working environment for Plaintiff.

116.     Despite Plaintiff's complaints to management and human resources, Defendant failed to take adequate corrective action to cease the harassment or to sanction those responsible, effectively condoning the behavior and allowing it to persist.

117.     The cumulative effect of this conduct significantly impaired Plaintiff's ability to perform job duties, contributed to a detrimental work environment, and adversely affected Plaintiff's psychological well-being.

**WHEREFORE,** Plaintiff, Sean Tohidi, demands judgment in his favor and against Defendant, City of Reading Police Department, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys' fees and costs of suit;

D.   Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   _/s/ Briana Lynn Pearson, Esquire_

BRIANA LYNN PEARSON, ESQUIRE
(P.A. ID 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 215-944-6113
Telefax: 215-627-9426
Email: brianap@ericshore.com
_Attorney for Plaintiff, Sean Tohidi_

Date: February 7, 2024