**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEAN TOHIDI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| CITY OF READING POLICE | : | DOCKET NO. 24-cv-00591 |
| DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CITY OF READING'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Defendant, City of Reading Police Department (hereinafter, "Defendant"), by through its

attorneys, MacMain Leinhauser PC, hereby file this Memorandum of Law in Support of their

Motion to Dismiss Plaintiff's Complaint (ECF Doc. No. 1) pursuant to Federal Rule of Civil

Procedure 12(b)(6).

## I.    <u>INTRODUCTION</u>

Plaintiff's Complaint follows his unsuccessful charge of discrimination with the

Pennsylvania Human Relations Commission, which issued a Finding of No Probable Cause.

Plaintiff complains of discrimination for a syndrome of which his employer, the City of Reading,

was never made aware. Plaintiff's Complaint is replete with the same allegations previously

found baseless, with the addition of new claims. Federal Rule of Civil Procedure 8(a)(2) entitles

defendants to a "short and plain statement of the claim[s]" which avoids the expenditure of time

and money litigating spurious issues. *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F.

Supp. 1279, 1291 (D. Del. 1995).

1

"Generally, a plaintiff cannot bring claims under Title VII, the ADA, the PHRA, or the PFPO in a civil lawsuit that were not included in a charge filed with the EEOC and exhausted at the administrative level." *Angelis v. Phila. Hous. Auth.*, 2024 U. S. Dist. LEXIS 26342, at *11 (E.D. Pa. Feb. 15, 2024), *citing Burgh v. Borough Counsel of Montrose*, 251 F.3d 465, 469-71 (3d Cir. 2000). Not only has Plaintiff failed to exhaust administrative remedies related to some of his claims, but he has also failed to plead plausible claims against Defendant, which, as discussed below, should be dismissed. Plaintiff was at all times an at-will employee who voluntarily left his employment after a strained learning curve.

## II.   PROCEDURAL BACKGROUND

On or about March 29, 2023, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") (Case No. 202202254) against the City of Reading Police Department. (A true and correct copy of the PHRC Charge of Discrimination is attached hereto as Exhibit "A").[1] On September 11, 2023, Defendant filed a fulsome Answer to the PHRC Charge. (A true and correct copy of the Defendant's Answer and Exhibits are attached hereto as Exhibit "B").[1] The PHRC thereafter issued a Finding of No Probable Cause on October 3, 2023. (A true and correct copy of the PHRC Charge and Finding of No Probable Cause are attached hereto as Exhibit "C").[1]

On February 7, 2024, Plaintiff filed the instant Complaint, with assistance of counsel, purporting to assert twelve (12) causes of action. Many of these purported causes of action were significantly absent in Plaintiff's PHRC Complaint and therefore they have not been appropriately exhausted. Defendant timely files this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## III.   STATEMENT OF FACTS

Plaintiff is a former police officer for the Reading Police Department. (Compl. ¶ 8). Plaintiff's employment began on January 10, 2022 and he resigned in December of 2022. (Compl. ¶¶ 8, 14). Plaintiff was a Patrol Officer at the time of his resignation. (Ex. A at 1).[1]

Plaintiff was released from the Field Training Officer ("FTO") program and onto Platoon A on October 24, 2022. (Ex. B ¶ 8). According to the Department's Collective Bargaining Agreement, "all police hired after [January 1, 2005] shall have probationary period of eighteen (18) months, which will include the first six months of their promotion of Police Officer I." *See*, Resolution No. 53-2021, Collection Bargaining Agreement between City of Reading and Fraternal Order of Police, Lodge 9, effective January 1, 2021 and expiring December 31, 2022 Article XXVII Suspensions and Discharge attached hereto as Exhibit "D" at 41 ¶ 1).

Plaintiff was evaluated daily, and these Daily Evaluation comments included concerns for Plaintiff not maintaining situational awareness as well as "slow progress" with retaining information. (Ex. B ¶ 9). Plaintiff's Evaluations reflect continuous mistakes and officer safety error concerns by Plaintiff both during his FTO and after he was released to Platoon A. (Ex. B ¶ 9).

In October of 2022, plaintiff was released to the Patrol Officer position and was issued an email by a Criminal Investigation Division Sergeant, regarding a report, which stated, "your report is lacking detail in nearly every area… Do Better." (Ex. B ¶ 9). In November of 2022, a

---

[1] Although the general rule that a District Court ruling on a motion to dismiss pursuant to Fed.R.C.P. 12(b)(6) may not consider matters extraneous to the pleadings, a court may consider documents that are "integral to or explicitly relied upon in the complaint" including by example "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Coman v. ACA Compliance Grp.*, 2021 U.S. Dist. LEXIS 239987, at * 4 (W.D. Pa. Dec. 14, 2021), *quoting*, *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

memorandum accounts an incident wherein Plaintiff failed to properly search a suspect who was later found to have a large foldable pocketknife on his person, and which required remedial training. (Ex. B ¶ 9). Also in November, another Memorandum was issued regarding Plaintiff's performance and short notice call off due to childcare issues. (Ex. B ¶ 9). This memorandum also reflected that "Off Tohidi was not ready to be released from the FTO program." (Ex. B ¶ 9). Thereafter, Plaintiff was put back on the FTO program because of his performance. (Ex. B ¶ 14). In December of 2022, Plaintiff had been released for a second time from the FTO program but was also issued a memorandum in his daily evaluation for not properly charging violations to drug-related crimes. (Ex. B ¶ 14). On December 8, 2022, Plaintiff responded to the daily evaluation, stating. "Ever since I reentered the FTO program I have over thought [sic] every call. Trying to improve myself but overthinking everything. I know all my mistakes I wouldn't be making if I wasn't feeling over pressured [sic]. However, I appreciate the FTO's input on every call." (Ex. B ¶14). The same day Plaintiff voluntarily resigned. (Ex. B ¶ 10).

On March 29, 2023, Plaintiff filed a Charge of Discrimination to the PHRC against the City of Reading Police Department. (Ex. A). Plaintiff checks off the boxes for retaliation, disability, and "Other" and added "Hostile Work Environment." (Ex. A at 1). Plaintiff included in his charge that he has Tourette's Syndrome and was "not fired but instead he resigned voluntarily because it was hard for him to work there due to the unfair treatment he was getting from his officers. Stress [sic] was too much for him." (Ex. A at 1). Plaintiff further alleged that he was "punished differently than others" and was "always threatened that he would be terminated." (Ex. A at 1). Plaintiff alleged that he was "subjected to discrimination/wrongful termination." (Ex. A at 1).

The PHRC found that Plaintiff "was not subject to discipline but provided remediation and returned to the FTO program." (Ex. B at 4 ¶ 2). The PHRC explained,

> "Police work is a high diligence profession, all errors must be documented, and remediated due to the legal requirements of police work. [Plaintiff] did not provide any record or information identifying that Respondent was aware of a disability impairment. [Plaintiff] did not show that FTO staff were made aware of a medical condition. [Plaintiff] did not show that he was subjected to unlawful conduct or any conduct that was based on his disability." (Ex. B at 4 ¶ 1).

So, too, here, Plaintiff was not subject to discipline and, in any case, wholly failed to exhaust his administrative remedies and therefore his claims must be dismissed.

## IV.    STATEMENT OF QUESTIONS INVOLVED

1. **Whether Plaintiff's Sexual Harassment Claims should be Dismissed for Failure to Exhaust Administrative Remedies?**

   **Suggested Answer: Yes.**

2. **Whether Plaintiff's Hostile Work Environment Claims should be Dismissed for Failure to Exhaust Administrative Remedies?**

   **Suggested Answer: Yes.**

3. **Whether Plaintiff's Disability Discrimination Claims should be Dismissed for Failure to State a Claim?**

   **Suggested Answer: Yes.**

4. **Whether Plaintiff's Retaliation Claims Should be Dismissed for Failure to State a Claim?**

   **Suggested Answer: Yes.**

## V.    STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all allegations of material fact as true but will disregard "rote recitals" of a cause of action, legal conclusions, or conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). To survive a motion to dismiss, the complaint must contain sufficient facts "to state a claim for relief that is plausible on its face".

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009), *quoting*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). Indeed, the "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016).

While Federal Rule of Civil Procedure 8(a)(2) provides that a complaint requires only "a short and plain statement of the claim showing entitlement to relief," the Supreme Court has held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. 1937, 1949, *citing*, *Twombly*, 550 U.S. at 555); *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008); *see*, *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (the Court is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.") (citations omitted).

The Court of Appeals for the Third Circuit has established a three-step process for the Court to evaluate a motion to dismiss for failure to state a claim. *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 115 (3d Cir. 2017).  First, the Court must outline the elements a plaintiff must plead to state a claim for relief. *Id.*  Second, the Court must peel away allegations that are no more than conclusions, which are not entitled to the assumption of truth. *Id.*  Third, the Court must review well-pled factual allegations, assume their veracity, and proceed to determine whether they could plausibly support an entitlement to relief. *Id.*

Although failure to exhaust administrative remedies is an affirmative defense, a court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) based on an affirmative defense if it is clear from the face of the complaint that the plaintiff failed to exhaust administrative remedies. *Jones*

*v. Del. River Stevedores, Inc.*, 2019 U.S. Dist. LEXIS 20364, at *3 (E.D. Pa. Feb. 7, 2019),

*citing*, *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Thus, failure to exhaust

administrative remedies may be considered under Rule 12(b)(6). *Id.*, *citing Anjelino v. N.Y. Times

Co.*, 200 F.3d 73, 87 (3d Cir. 1999).

## VI.   SUMMARY OF THE ARGUMENT

Plaintiff's Complaint follows an unsuccessful Charge of Discrimination filed in the PHRC.

Plaintiff argues that he was discriminated against for his Tourette's syndrome, a disability of

Plaintiffs of which the Defendant was at all times unaware. Plaintiff also argues that his

"termination" was retaliation against his protected activity of complaining of his disability. The

record will show that Plaintiff voluntarily resigned, and that Plaintiff has provided no

information regarding this alleged complaint.

Plaintiff here also brings claims of hostile work environment, sexual harassment, sexual

orientation discrimination and related claims, all of which Plaintiff did not include in his PHRC

claim and therefore has not been properly exhausted administratively as required.

## VII.   ARGUMENT

### A.  Plaintiff Did Not Exhaust His Administrative Remedies As to His Sexual Harassment and Retaliation Claims.

In Counts III, IV, the mistakenly labeled second Count IV, and IX, Plaintiff purports to

assert causes of action purporting violations of Pennsylvania Human Relations Act and Title VII

for alleged prohibited harassment and retaliation based on sex. (Compl.)

It is well-settled that prior to bringing suit, Plaintiff must first exhaust his administrative remedies either pursuant to the PHRA or Title VII[2].  *Jones v. Del. River Stevedores, Inc.*, 2019 U.S. Dist. LEXIS 20364, at *3 (E.D. Pa. Feb. 7, 2019), *citing* 43 Pa.C.S. § 962(c)(1)*; Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); *Burgh v. Borough Counsel of Montrose*, 251 F.3d 465, 469 (3d Cir. 2000). A failure to exhaust is grounds for dismissal on a motion to dismiss under Rule 12(b)(6). *Breslow v. State St. Corp.*, 2020 U.S. Dist. LEXIS 113587, at *4 (E.D. Pa. June 29, 2020).

To be deemed to have satisfied the exhaustion requirement, Plaintiff's claim must be "fairly within the scope of the prior EEOC [or PHRC] complaint, or the investigation arising therefrom." *Flora v Wyndcroft Sch.*, 2013 U.S. Dist. LEXIS 25292, at *13 (E.D. Pa. Feb. 25, 2013), *citing, Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). In the instant matter, Plaintiff's PHRC Charge did not allege any facts and/or claims for discrimination or retaliation based on sex. (Ex. A).  Further, Plaintiff alleged no facts that could reasonably be expected to encompass a sex discrimination claim and such claim should be dismissed, with prejudice.

### i.      Plaintiff Did Not Exhaust His Administrative Remedies As to His Sexual Harassment Claims under Title VII.

In Counts III, first-labeled IV, and mistakenly-labeled IV, Plaintiff purports to assert causes of action purporting violations of Title VII of the Civil Rights Act regarding alleged sexual harassment. Plaintiff, however, wholly omitted any allegations or claims regarding harassment or discrimination based on his sex. (Ex. A at 1).

---

[2] A motion to dismiss for failure to exhaust administrative remedies is reviewed under Federal Rule of Civil Procedure 12(b)(6). *Feyka v. Wal-Mart Stores, Inc.*, 2020 U.S. Dist. LEXIS 73045, at *6 (W.D. Pa. Mar. 16, 2020).

The Eastern District recently dismissed a Plaintiff's claims of sex discrimination and harassment under Title VII, Age Discrimination in Employment Act of 1967, and the ADA for failure to exhaust administrative remedies wherein Plaintiff failed to include it in her Equal Employment Opportunity Commission ("EEOC") charge and failed to plead facts showing exhaustion in her Complaint. *Breslow v. State St. Corp.*, 2020 U.S. Dist. LEXIS 113587, at *4 (E.D. Pa. June 29, 2020).

Although Plaintiff here claims to have properly exhausted his administrative remedies in his Complaint, he states so generally, failing to designate that his PHRC Charge of Discrimination omitted any reference to sex discrimination or retaliation of any kind. (Compl. ¶ 4). Plaintiff has failed to exhaust his administrative remedies as to his sexual harassment claim therefore his claim must be dismissed.

ii.   **Plaintiff Did Not Exhaust His Administrative Remedies As to His Sexual Harassment Claims under the Pennsylvania Human Relations Act.**

In Counts IX and X, Plaintiff purports to assert causes of action purporting violations of the Pennsylvania Human Relations Act regarding alleged sexual harassment and discrimination based on sexual orientation.

The same exhaustion requirement and analysis applies to both the Title VII and PHRA claims. *Wilson v. Ciocca Muncy Ho Inc.*, 2023 U.S. Dist. LEXIS 178436, at *9 (M.D. Pa. Oct. 2, 3023). Applying the same standard described *supra*, Plaintiff's PHRC Complaint did not check off the form's box for sexual harassment nor did it include any facts relating to sexual harassment. (Ex. A at 1). To be deemed to have satisfied the exhaustion requirement, Plaintiff's claim must be "fairly within the scope of the prior EEOC [or PHRC] complaint, or the

investigation arising therefrom." *Flora v Wyndcroft Sch.*, 2013 U.S. Dist. LEXIS 25292, at *13 (E.D. Pa. Feb. 25, 2013), *citing, Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

The Middle District has granted a motion to dismiss regarding a PHRA claim of *quid pro quo* sexual harassment because "nothing in the charge itself nor the investigation arising form it would have encompassed claims of *quid pro quo* sexual harassment." *Wilson v. Ciocca Muncy Ho Inc.*, 2023 U.S. Dist. LEXIS 178436, at *13 (M.D. Pa. Oct. 2, 3023).

Nothing in Plaintiff's PHRC Complaint included an indicia of sexual harassment claims and therefore, Plaintiff failed to exhaust in his PHRC Charge any claims for sex discrimination or harassment and his claims must be dismissed.

### iii.   Plaintiff Did Not Exhaust His Administrative Remedies As to His Discrimination Based on Sexual Orientation Claims under the Pennsylvania Human Relations Act.

In Count VI, Plaintiff purports to assert causes of action purporting violations of the Pennsylvania Human Relations Act alleging discrimination based on sexual orientation. (Compl.)

Plaintiffs generally cannot bring claims under the PHRA in a civil lawsuit if they were not included in a charge filed with the EEOC [or PHRC] and exhausted at the administrative level. *Angelis v. Phila. Hous. Auth.*, 2024 U.S. Dist. LEXIS 26342, at *1 (E.D. Pa. Feb. 15, 2024), *Burgh v. Borough Counsel of Montrose*, 251 F.3d 465, 469-71 (3d Cir. 2000).

"But where a plaintiff asserts a claim at the district court level that was not asserted in an administrative charge, '[t]he relevant test in determining whether [a party] was required to exhaust [their] administrative remedies . . . is whether the acts alleged in the subsequent [] suit are fairly within the scope of the prior EEOC complaint or the investigation arising therefrom.'" *Id*. at 12, *citing Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

The Eastern District recently addressed a matter involving sexual orientation claims under the PHRA. *Id*. at 1. This case is very distinguishable from the matter at hand, as in *Angelis*, the Plaintiff file a Charge of Discrimination to the EEOC which specified that he was discriminated against on the basis of his sexual orientation, in addition to his disability and impairment. *Angelis v. Phila. Hous. Auth.*, 2024 U.S. Dist. LEXIS 26342, at *6 (E.D. Pa. Feb. 15, 2024). The Eastern District declined from granting a motion to dismiss in this claim because the plaintiff included in his EEOC Charge that he was subjected to derogatory comments, experienced an escalation of anxiety symptoms as a result, and was denied access to necessary tools to complete job responsibilities. *Id*. at 22.

Plaintiff, here, failed to include any mention of a sexual orientation discrimination claim in his PHRC Charge. (Ex. A). Plaintiff's PHRC Charge included only conclusory and vague allegations of disability discrimination and completely omitted any claim of sexual orientation discrimination. (Ex. A). Plaintiff's PHRC Charge, and the subsequent investigation, are absent of any claim related to sex or sexual orientation and therefore such claims here are outside the scope of the prior complaint and must be dismissed.

### B. Plaintiff Did Not Exhaust His Administrative Remedies As to His Hostile Work Environment Claims.

In Counts IV, VIII, X, and XI, Plaintiff purports to assert causes of action purporting violations of Title VII of the Civil Rights Act, Pennsylvania Human Relations Act, and Title I of the Americans with Disabilities Act for an alleged hostile work environment. (Compl.)

### i. Plaintiff Did Not Exhaust His Administrative Remedies under Title VII.

In the first-labeled Count IV, Plaintiff purports to assert causes of action purporting violations of Title VII of the Civil Rights Act regarding an alleged hostile work environment.

(Compl.) "A claimant alleging workplace discrimination is required to exhaust administrative remedies before bringing suit in federal court. *Clarkson v. SEPTA*, 2014 U.S. Dist. LEXIS 153945, at *10 (E.D. Pa. Oct. 30, 2014), *citing Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). Although EEOC [or PHRC] charges "are not most often drafted by one who is not well versed in the art of legal description" and so "the scope of the original charge should be liberally construed," Plaintiff here failed to claim hostile work environment beyond the mere checking of a box and tying in the words in his PHRC Charge. *Id.* at 11, *citing Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978).

The Eastern District of Pennsylvania has previously granted a motion to dismiss a hostile work environment claims under Title VII in a case wherein the underlying EEOC charge was "dedicated" to another claim and presented no facts supporting a hostile work environment. *Id.* at 12, *citing Ocasio v. City of Bethlehem*, 2009 U.S. Dist. LEXIS 637, at X (E.D. Pa. Jan. 7, 2009). Moreover, the Eastern District's decision was buttressed by Plaintiff's failure to "provide any evidence of the hostile work environment she claims she presented to the PHRC during the investigation." *Id.* Further, "courts have generally required that the facts supporting discrimination be set forth in the narrative section of the EEOC/PHRC complaint in order to put the respondent on notice of the charges against it. *Offie v. Winner Hotels Corp.*, 2012 U.S. Dist. LEXIS 33834, at *32 (W.D. Pa. Jan. 10, 2012), *citing Yang v. AstraZeneca*, 2005 U.S. Dist. LEXIS 1825, at *9 (E.D. Pa. Feb. 10, 2005).

Here, too, although Plaintiff Tohidi checked an "Other" box on the PHRC's pre-printed form and typed in "Hostile Work Environment," the particulars of his charge were dedicated to alleged disability discrimination, for which the PHRC made a Finding of No Probable Cause and presented no facts supporting a hostile work environment. (Ex. A at 1). Therefore, his claims for

hostile work environment under Title VII must be dismissed for failure to exhaust his administrative remedies.

> **ii.      Plaintiff Did Not Exhaust His Administrative Remedies under <u>Pennsylvania Human Relations Act.</u>**

In Counts VIII, IX, and X, Plaintiff purports to assert causes of action purporting violations of the Pennsylvania Humans Relations Act regarding an alleged hostile work environment.

In order to bring a civil action under the Pennsylvania Human Relations Act, a plaintiff must first file an administrative complaint with the Pennsylvania Human Relations Commission (PHRC) within 180 days of the alleged discriminatory action. 43 Pa. Stat. Ann. § 959(a) and (h). 43 Pa. Stat. Ann. §§ 959(a), 962. "The federal complaint is limited to claims that are within the scope of the charge of discrimination filed with the administrative agency." *Offie v. Winner Hotels Corp.*, 2012 U.S. Dist. LEXIS 33834, at *38 (W.D. Pa. Jan. 10, 2012), *citing Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). However, the scope of the resulting civil action in federal court is "defined by the scope of the EEOC [or PHRC] investigation which can reasonably be expected to grow out of the charge of discrimination. *Id*. at 22-23, *citing Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978). "The relevant test in determining whether [plaintiff" was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Id*. at 23, *citing Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

The Western District of Pennsylvania has granted a motion to dismiss on a PHRA hostile work environment claim finding that the comments made by a coworker described in the Plaintiff's PHRC Complaints did not "rise to the level of 'intimidating, hostile, or offensive

[conduct], with discriminatory intimidation, ridicule, and insult permeating the workplace' required to prove hostile work environment," and therefore do not put Defendants on notice of an allegation of a hostile work environment. *Offie v. Winner Hotels Corp.*, 2012 U.S. Dist. LEXIS 33834, at *38-39 (W.D. Pa. Jan. 10, 2012), *citing Adeniji v. Administration for Children Services, NYC*, 43 F.Supp. 2d 407, 422 (S.D.N.Y. 1999).

Here, Plaintiff also failed to include in his PHRC Complaint any facts regarding an alleged hostile work environment that rises to the aforementioned requisite level. In his PHRC Complaint, Plaintiff said "Mr. Tohidi was not fired but instead he resigned voluntarily because it was hard for him to work there due to the unfair treatment he was getting from his officers. Stress [sic] was too much for him." (Ex. A at 1). Plaintiff also claimed he was:

> "held differently from his other coworkers when it comes to making mistakes. Unfair treatment started when he was on his training program. When it came to making mistakes, Mr. Tohidi was punished differently from the others. He was always threatened that he would be terminated. His other colleagues were not."

(Ex. A at 1). Plaintiff's vague claims that he was treated differently during training surely does not rise to the level of being "intimidating, hostile, or offensive [conduct], with discriminatory intimidation, ridicule, and insult permeating the workplace." *Offie v. Winner Hotels Corp.*, 2012 U.S. Dist. LEXIS 33834, at *38-39 (W.D. Pa. Jan. 10, 2012), *citing Adeniji v. Administration for Children Services, NYC*, 43 F.Supp. 2d 407, 422 (S.D.N.Y. 1999). Therefore, his PHRA claim for hostile work environment must be dismissed.

Additionally, as argued *supra*, Plaintiff merely checked an "Other" box and typed in "Hostile Work Environment" while dedicating the particulars of his charge to alleged disability discrimination, for which the PHRC made a Finding of No Probable Cause and presented no facts supporting a hostile work environment claim. (Ex. B at 5). Therefore, his claims for hostile

work environment under the PHRA must be dismissed for failure to exhaust his administrative remedies.

### iii.     Plaintiff Did Not Exhaust His Administrative Remedies under the American with Disabilities Act.

In Count XI, Plaintiff purports to assert causes of action purporting violations of Title I of the American with Disabilities Act regarding an alleged hostile work environment. (Compl.)

Title I of the ADA explicitly incorporates the procedures of Title VII. 42 U.S.C.S. § 12117(a). Accordingly, any plaintiff alleging a violation of Title I of the ADA must exhaust the administrative remedies available via the EEOC before filing a court action, as required by Title VII. *Cook v. City of Phila.*, 94 F.Supp. 3d 640, 647 (E.D. Pa. 2015), *citing* 42 U.S.C.S. § 2000e-5(f)(1). The responsibility is then with the EEOC or PHRA to enforce the same standard for exhausting administrative remedies under Title I. *Hammond v. Strip Dist. Meats, Inc.*, 2022 U.S. Dist. LEXIS 176902, at *5-6 (W.D. Pa. Sept. 9, 2022), *citing Rogan v. Giant Eagle, Inc.*, 113 F.Supp. 2d 777, 782 (W.D. Pa. 2000). The standard for determining whether a plaintiff has properly exhausted existing administrative remedies is whether the facts included in the lawsuit at issue are fairly within the scope of the initial EEOC complaint. *Id*. at 6, *citing Twillie v. Erie School Dist.*, 575 F.App'x 28, 31 (3d Cir. 2014).

The Eastern District has granted a motion to dismiss a hostile work environment claim under Title I of the ADA where the Plaintiff failed to first exhaust administrative remedies before filing an action with the court. *Cook v. City of Phila.*, 94 F.Supp. 3d 640, 649 (E.D. Pa. 2015).

Here, as argued *supra*, Plaintiff went no further than to check an "Other" box and typed in "Hostile Work Environment" while devoting the particulars of his charge to alleged disability discrimination, for which the PHRC made a Finding of No Probable Cause and presented no facts specifically supporting a hostile work environment claim. (Ex. A at 1). Simply checking the

box is not sufficient for exhaustion. *Morales v. PNC Bank, N.A.*, 2011 U.S. Dist. LEXIS 86918, at *36 (E.D. Pa. Aug. 4, 2011). Therefore, his claims for hostile work environment under the ADA must be dismissed for failure to exhaust his administrative remedies.

### C.  Plaintiff's Counts I and II For Alleged Violations of Title I of the ADA Must be Dismissed for Failure to State a Claim.

### Discrimination

"All ADA discrimination claims are subject to the McDonnell Douglas burden-shifting framework." *Pickney v. Modis, Inc.*, 2022 U.S. Dist. LEXIS 224109, at *6 (E.D. Pa. Dec. 13, 2022), *citing Gavurnik v. Home Props., L.P.*, 227 F. Supp. 3d 410, 416 (E.D. Pa. 2017). In order to plead a *prima facie* case of disability discrimination, the plaintiff must allege facts showing he (1) is disabled within the meaning of the ADA; (2) "is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer;" and (3) has suffered an "otherwise adverse employment decision as a result of discrimination." *Id.*, *citing Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 41 (3d Cir. 2018).

Under the *McDonnell Douglass* framework, where, as here, a defendant satisfies its burden, the burden shifts again to the plaintiff who, to survive dismissal of his claims must submit "evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Nesselrotte v. Allegheny Energy, Inc.*, 2009 U.S. Dist. LEXIS 2076, at *21 (W.D. Pa. Mar. 16, 2009), *citing*, *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108 (3d Cir. 1997), *quoting*, *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1997).

Plaintiff here has failed to meet his burden to demonstrate pretext. Plaintiff voluntarily resigned from employment at the City of Reading Police Department after some instances of

16

struggling as a new police officer. (Ex. B. at 2 ¶ 9). Plaintiff has produced no evidence nor plead

any allegations, beyond mere conclusions, to suggest that the Defendant's treatment of him

during his training as a new officer was pretextual. Indeed, the PHRC concluded that the

Defendant had no knowledge of Plaintiff's alleged disability, and therefore could not

discriminate against him on that basis. (Ex. C at 4 ¶ 1). Plaintiff here again alleges in his

Complaint, "[a]t all times relevant Defendant's agents perceived Plaintiff as disabled and called

Plaintiff retarded because of the Tourette's even though Plaintiff was capable of performing his

job duties." (Compl. ¶ 10). Plaintiff has still failed to produce evidence to show Defendant's

knowledge or awareness of his disability.

Therefore, his claims must be dismissed.

### **Retaliation**

In order to plead a *prima facie* case of retaliation because of disability discrimination

under the ADA, a plaintiff must demonstrate that he (1) "engaged in a protected activity; (2) his

employer took an adverse employment action after or contemporaneous with his protected

activity; and (3) there is a causal connection between his protected activity and the adverse

action." *Pickney v. Modis, Inc.*, 2022 U.S. Dist. LEXIS 224109, at *6 (E.D. Pa. Dec. 13, 2022),

*citing Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022).

The alleged "protected activity" was his complaining of the alleged "harassment he was

being subjected to." (Compl. ¶ 31). The harassment in question is related to the Plaintiff's

Tourette's syndrome. (Compl. ¶ 10). The investigation conducted by the PHRC following the

filing of Plaintiff's Charge of Discrimination found that the Defendant had no knowledge of

Plaintiff's alleged disability, stating "Complainant did not provide any record or information

identifying that Respondent was aware of a disability impairment." (Ex. C at 4, ¶ 1). However,

no clear facts of these alleged complaints are ever presented. Plaintiff merely states "Plaintiff complained to his supervisor, to no avail." (Compl. ¶ 12.) Plaintiff failed to specify the name of the individual he reported to, the rank of the "supervisor," or even the topic of his complaints. (Compl. ¶ 31). Plaintiff has not established that he engaged in a protected activity.

Beyond failing to establish having engaged in protected activity, Plaintiff merely includes, "[i]n fact, Plaintiff was only treated worse after he complained." (Compl. ¶ 12). Plaintiff failed to plead that his employer took an adverse employment action. Plaintiff includes:

> "[a]s a result of Plaintiff's Tourette's, he was treated disparetly [sic] and subjected to a hostile work environment. For instance, Plaintiff was penalized more harshly than his colleagues if he were to make any mistakes. During Plaintiff's training period he was constantly being threatened with termination while his peers were not (even if they made similar mistakes.)"

(Compl. ¶ 11). Finally, Plaintiff presents no causal connection between the alleged complaint made to his "supervisor" and any increased alleged discrimination. Any reprimand or corrections received by Plaintiff during his time of employment at the City of Reading Police Department were the products of training and Plaintiff's errors. (Ex. B at 3-5). Plaintiff has wholly failed to plead a retaliation claim and therefore it must be dismissed.

### D.  Plaintiff's Counts V and VII For Alleged Violations of the PHRA Must be Dismissed for Failure to State a Claim.

The Third Circuit has determined that "an 'analysis of an ADA claim applies equally to a PHRA claim.'" *McQuaid v. ACTS Ret. Cmtys. Southampton Estates*, 2005 U.S. Dist. LEXIS 18565, at *9 (E.D. Pa. Aug. 8, 2005), *citing Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004). The Eastern District has previously discussed a plaintiff's ADA claim because the analysis was "coterminous" with the PHRA claim. *Id*. at 9.

### Disability Discrimination

Count V of Plaintiff's Complaint purports to bring a claim of disability discrimination under the PHRA. Plaintiff's Complaint mistakenly refers to the conclusion of Plaintiff's employment at the City of Reading Police Department as a "termination." (Compl. ¶ 71). Plaintiff here alleges, "Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act…." (Compl. ¶ 71). The reality of Plaintiff's employment conclusion was that he voluntarily resigned. (Ex. A at 1). Plaintiff characterizes his departure as constructive discharge in four (4) other parts of his Complaint. (Compl. ¶¶ 8, 14, 32).

The elements for a *prima facie* case of disability discrimination under the ADA and PHRA are essentially identical. *Knapp v. Thompson Grp., Inc.*, 2023 U.S. Dist. LEXIS 226365, at *22 (E.D. Pa. Dec. 19, 2023). While Tourette's syndrome falls under the meaning of disability under the ADA, Plaintiff has failed to present any facts or evidence to show that Defendant knew of Plaintiff's Tourette's Syndrome. (Ex. C at 4 ¶ 1). Plaintiff has also misrepresented the alleged "adverse employment decision" by claiming he was terminated., (Compl. ¶ 71). Plaintiff voluntarily resigned and included in his resignation messages of thanks to the mayor and council persons and states, "I am especially honored to have served with so many dedicated fellow officers." (Ex. C at 4 ¶ 1).

Even if Plaintiff argued that he was constructively discharged, the PHRC found that Plaintiff failed to establish a valid retaliation by threat of discharge claim because "[t]here is no record or information showing that he engaged in any protected activity… There is no record that shows [Plaintiff] was informed he may be subject to discharge. Further, [Plaintiff] was not issued any disciplinary actions." (Ex. C at 4 ¶ 2).

19

Finally, Plaintiff has failed to plead, beyond mere conclusions, that any adverse employment decision was the result of such discrimination. Plaintiff put forth no evidence to show the conclusion of his employment, however characterized, had any relation to his disability. Therefore, his claim must be dismissed.

**<u>Retaliation</u>**

Count VII of Plaintiff's Complaint purports to assert a retaliation claim based on disability discrimination under the PHRA. Plaintiff's Complaint here again mistakenly refers to the conclusion of Plaintiff's employment at the City of Reading Police Department as a "termination." (Compl. ¶ 85). Plaintiff alleges, "Defendant's termination of Plaintiff's employment constituted retaliation for engaging in protected activity by objecting to the sexual harassment that he was receiving while employed by Defendant…" (Compl. ¶ 85).

In addition to Plaintiff's mischaracterization of his resignation, Plaintiff has failed to plead facts presenting retaliation based on "disability discrimination," but instead refers to sexual harassment. The content of this count appears to mistakenly refer to sexual harassment claims, for which he failed to plead any facts establishing that he complained of such harassment. (Compl. ¶ 85). Not only did Plaintiff fail to administratively exhaust his sexual harassment claim in his PHRC Charge, but he also fails to establish that he ever complained of such harassment. The only complain Plaintiff alleges he made was regarding alleged treatment based on his Tourette's for which he states generally, "Plaintiff complained to his supervisor, to no avail." (Compl. ¶ 12). Under the second-labeled Count IV, Plaintiff alleges he complained of sexual harassment from his Field Training Officer Sana in regard to this Title VII claim, but here again, the matter is administratively unexhausted, and Plaintiff provides no details of the method or

timing or recipient of his alleged complaint. (Compl. ¶ 60). Plaintiff failed to plead any facts that he complained of sexual harassment.

Moreover, in addition to repeatedly mischaracterizing his claim, Plaintiff fails to plead a claim for retaliation. The elements for a *prima facie* case of disability discrimination under the ADA and PHRA are essentially identical. *Knapp v. Thompson Grp., Inc.*, 2023 U.S. Dist. LEXIS 226365, at *22 (E.D. Pa. Dec. 19, 2023).

As argued *supra*, Plaintiff has failed to establish Defendant knew of his disability, failed to show he engaged in a protected activity, merely stating he "objected" to an unnamed supervisor at an unknown time and location, and has failed to plead a causal connection between alleged discrimination and the conclusion of his employment. (Compl. ¶ 85).

Therefore, Plaintiff's PHRA retaliation claim must be dismissed.

## VIII.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests This Honorable Court to grant its Motion to Dismiss Plaintiff's Complaint, with prejudice.

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

Date: <u>March 14, 2024</u>          By:      <u>*/s/ Tricia M. Ambrose*</u>
                                              Tricia M. Ambrose
                                              Maeve E. Bain
                                              Attorney I.D. Nos. 200411 / 333923
                                              433 W. Market Street, Suite 200
                                              West Chester, PA 19382
                                              *Attorneys for Defendant City of Reading*